**In the Matter of Robert DeMARTINI, Bankrupt.**

**No. 75 B 1659.**

United States District Court, S. D. New York.

June 2, 1976.

William Wargo, New York City, of counsel to MFY Legal Services, Inc., for appellee-bankrupt.

---

Robert L. Howard, New York City, for appellant-trustee.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

This appeal from an order of Hon. John J. Galgay, Bankruptcy Judge, made March 3, 1976, presents a purely legal question: Is a used color television set exempt property of a householder bankrupt pursuant to § 5205(a), New York CPLR, applicable here by 11 U.S.C. § 24? The learned Bankruptcy Judge held that it was exempt as "necessary household furniture."

Believing this to be an unduly expansive construction of the New York statute, upon which this exemption depends for its vitality, we reverse.

The relevant statutory provision is:

"§ 5205. *Personal property exempt from application to the satisfaction of money judgments*

(a) *Woman's and householder's exemption.* The following personal property when owned by a woman or householder is exempt from application to the satisfaction of a money judgment . . . :

·1. all stoves kept for use in the judgment debtor's dwelling house and necessary fuel therefor for sixty days; one sewing machine with its appurtenances;

2. the family bible, family pictures, and school books used by the judgment debtor or in the family; and other books, not exceeding fifty dollars in value, kept and used as part of the family or judgment debtor's library;

3. a seat or pew occupied by the judgment debtor or the family in a place of public worship;

4. domestic animals with the necessary food for those animals for sixty days, provided that the total value of such animals and food does not exceed four hundred fifty dollars; all necessary food actually provided for the use of the judgment debtor or his family for sixty days;

5. all wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, crockery, tableware and cooking utensils necessary for the judgment debtor and the family;

6. a wedding ring; a watch not exceeding thirty-five dollars in value; and

7. necessary working tools and implements, including those of a mechanic, farm machinery, team, professional instruments, furniture and library, not exceeding six hundred dollars in value, together with the necessary food for the team for sixty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling."

By no construction will a $600.00 color television set pass as "necessary" furniture, in a statute so drawn as to limit the exemption for books to $50.00 and watches (truly necessary) to $35.00. This statute has been amended once in 1954, and re-enacted in 1962, both events occurring after television became commonplace. The statute was amended in 1954 to add "one radio receiver," the appliance most nearly comparable to television. That this addition was deemed necessary is some suggestion that the New York legislature realized that a radio, and *a fortiori* a color television, was not already exempt as necessary household furniture. The familiar rule "expressio unius exclusio alterius est" applies, and would be applied in New York. Since the statute does not exempt television sets, they are not exempt. Further, one house of the legislature appears to have passed in two separate sessions, an amendment to exempt television sets, here again recognizing that there is a legislative need for such reform.

That such a reform would be a good one, we do not doubt; but it had best be left to the state legislative power, which may want to limit the value of the set, as it has done with exempt books and watches. Some such sets are highly valued, and indeed, all homes in this District do not possess color television. In 1973 over 40% of the New York metropolitan television market area was watching television in black and white. See *Fur Information and Fashion Council,*

*Inc. v. E. F. Timme & Son, Inc.*, 364 F.Supp. 16, *aff'd.* 501 F.2d 1048 (2d Cir. 1974).

The amendment or revision of state exemption statutes under the guise of "construction" is not a function by which the federal judiciary enhances the comity and mutual respect needed between the state's lawgivers and ourselves.

The Order appealed from is reversed.

So Ordered.